# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIANO GOMEZ ROBLES, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br><br> Defendant. | CASE NO. 5:18-cv-00025-PSG (SK) <br><br> **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

In January 2018, Plaintiff filed a pro se complaint challenging the Defendant's denial of social security benefits. (ECF 1). After Plaintiff missed the deadlines in the case management order to submit a settlement demand to Defendant and to file his motion for summary judgment, the Court gave him an additional 35 days until November 2018 to do so. (ECF 18, 20). He was warned that failure to comply with court orders could result in involuntary dismissal of this case for lack of prosecution. (ECF 18). Yet as of January 2019, Plaintiff had still not submitted any required documents. Nonetheless, in light of the lapse in federal appropriations, the Court sua sponte extended Plaintiff's deadline to file his summary judgment motion to January 27, 2019. (ECF 23). But as of today, Plaintiff has still not filed his

motion, a request for an extension of time to do so, or any other document suggesting his intent to prosecute this action. (ECF 24). Thus, this action may be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

When determining whether to dismiss an action on this basis, the Court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [respondent]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). All five factors support dismissal here.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, the Court's management of its docket is impeded when, as here, Plaintiff has not complied with court orders. *See Pagtalunan*, 291 F.3d at 642. Third, "failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Fourth, despite the public policy favoring disposition of cases on their merits, it is Plaintiff's overriding responsibility to move a case toward that merits disposition. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).

Finally, no sanction short of dismissal is feasible. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). The Court already gave Plaintiff more time to file his summary judgment motion and warned him that failure to do so could result in involuntary dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Given that Plaintiff is self-represented, not responding to court orders, and has not filed any document

in over three months, no monetary or other lesser sanction is possible.

THEREFORE, the Complaint is DISMISSED for lack of prosecution. Judgment dismissing this action without prejudice will be entered accordingly.

**IT IS SO ORDERED.**

DATED: 2/4/05

HON. PHILIP S. GUTIERREZ
U.S. DISTRICT JUDGE

PRESENTED BY:

HON. STEVE KIM
U.S. MAGISTRATE JUDGE